
ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

July 26, 2012

The Honorable Leonard D. Wexler
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

Matthew T. McLaughlin
T 212.983.8312
F 212.307.5598
mtmclaughlin@Venable.com

Re: *Jessie Brackett v. Dr. Jacob Rosenstein and NAC Marketing Co., LLC d/b/a New Vitality*, 2:12-cv-2775 (LDW) (WDW) (E.D.N.Y.)

Dear Judge Wexler:

Pursuant to Section 2.B of this Court's rules of practice, we write on behalf of Defendants NAC Marketing Co., LLC d/b/a New Vitality ("New Vitality) and Dr. Jacob Rosenstein ("Dr. Rosenstein") to request a pre-motion conference concerning their respective, anticipated motions to dismiss the Complaint of Plaintiff Jessie Brackett ("Plaintiff"). Dr. Rosenstein seeks to dismiss all the claims against him, whereas New Vitality seeks to dismiss only some of the claims against it.

This is a putative class action against New Vitality, the seller of a testosterone-boosting nutritional supplement known as Ageless Male, and Dr. Rosenstein, who uses and has served as a spokesperson for Ageless Male. Plaintiff, an Alabama resident, alleges that he and others were induced to buy Ageless Male after viewing television and Internet advertisements promising health benefits and increased testosterone levels, which he claims are not substantiated. Dr. Rosenstein seeks to move pursuant to Rules 12(b)(2) and (6). Pursuant to Rule 12(b)(6), New Vitality seeks dismissal of Plaintiff's Magnuson-Moss Warranty Act ("MWAA") claim, the New York General Business Law claims, and the claim for "Violation of the Consumer Fraud Laws of Various States."

Dr. Rosenstein, a Texas resident, must be dismissed for lack of personal jurisdiction. The exercise of personal jurisdiction involves a two-part analysis: (1) whether jurisdiction is appropriate under New York's long-arm statute; and (2) if so, whether assertion of jurisdiction comports with constitutional due process. *Mangia Media Inc. v. University Pipeline, Inc.*, 2012 WL 714704 (E.D.N.Y. Feb. 28, 2012). To survive a Rule 12(b)(2) motion, "plaintiff must make a *prima facie* showing that jurisdiction exists." *Stephan v. Babysport, LLC*, 499 F.Supp.2d 279 (E.D.N.Y. 2007). Here, Plaintiff fails to identify any applicable provision of the New York long-arm statute or allege that Dr. Rosenstein committed tortious conduct, owns property, or regularly conducts or solicits business in New York. Rather, Plaintiff (an Alabama resident) just alleges that Dr. Rosenstein is featured in advertising disseminated to New York consumers from New

Vitality's New York headquarters. (Compl. ¶¶ 7, 11, ECF No. 1.) This is not enough. *See Nanovibronix, Inc. v. Weiss*, 333 F.Supp.2d 76 (E.D.N.Y. 2004) (Wexler, J.) (dismissing non-resident defendant with minimal New York contacts for lack of personal jurisdiction).

As to Dr. Rosenstein as well as New Vitality, Plaintiff's MMWA claim (Count I) must also be dismissed for failure to state a claim. Plaintiff does not name at least 100 plaintiffs—a statutory requirement to maintain a MMWA class action that warrants dismissal at the pleading stage. *Wood v. General Motors Corp.*, 2010 WL 3613812 (E.D.N.Y. Aug. 23, 2010); *Lieb v. See American Motors Corp.*, 538 F.Supp. 127 (S.D.N.Y. 1982). Because Plaintiff purchased only three bottles of Ageless Male for $88.89, he also cannot establish the $50,000 damages threshold needed to state an individual MMWA claim. The MMWA claim must also be dismissed because Plaintiff fails to allege that either Defendant made an express, written warranty as defined by the MMWA. *See Hairston v. South Beach Beverage Co., Inc.*, 2012 WL 1893818 (C.D.Ca. May 18, 2012); *Kelley v. Microsoft Corp.*, 2007 WL 2600841 (W.D.Wa. Sept. 10, 2007). Plaintiff does not identify a written warranty. The alleged advertising claims at issue are non-actionable product descriptions, rather than an actionable written warranty. *See Thurston v. Bear Naked, Inc.*, No. 3:11-cv-02890 __ F.Supp. 2d __ (S.D. Ca. July 16, 2012).

As to Dr. Rosenstein, Plaintiff's other claims also fail because Plaintiff generally refers to "Defendants" without specific reference to Dr. Rosenstein and thus relies on improper "group pleading." *See Holmes v. Allstate Corp.*, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it"). Thus, Plaintiff's claims for breach of express (Count II) and implied warranty (Count III) fail because Plaintiff does not allege that Dr. Rosenstein ever sold the Ageless Male product, directed New Vitality's marketing or distribution, or made any written affirmations of fact about Ageless Male. The only written affirmations offered are not specific to Dr. Rosenstein, but instead are vaguely attributed to "Defendants." Likewise, as against Dr. Rosenstein, Plaintiff's fraud-based claims (Counts V, VI, and VII) fail because Plaintiff does not plead with Rule 9(b) particularity any alleged statements by Dr. Rosenstein that Plaintiff contends are false. Rather, Plaintiff again improperly and vaguely groups New Vitality and Dr. Rosenstein together to allege that "Defendants" made false statements. (*See* Compl. ¶¶ 18-23, 25-28, 29-31, 34-38, 41-42, 46, 48-50, 55, 58-59, 95-101, 142, 145, 148-152, 132-185). As against Dr. Rosenstein, Plaintiff's breach of implied warranty claim must also be dismissed because Plaintiff does not allege privity of contract with Dr. Rosenstein. *Jackson v. Eddy's LI RV Center, Inc.*, 2012 WL 612919 (E.D.N.Y. Feb. 24, 2012) ("New York law allows claims of implied warranty to be brought only by those in privity with the named defendant"). As to Dr. Rosenstein, Plaintiff's unjust enrichment claim (Count IV) also fails because Plaintiff does not allege that he conferred any benefit upon Dr. Rosenstein, but instead that Plaintiff "purchased

Ageless Male from New Vitality" (Compl. ¶ 5). *Bongat v. Fairview Nursing Care Center, Inc.*, 341 F.Supp.2d 181, 188 (E.D.N.Y. 2004).

      Finally, as to Dr. Rosenstein as well as New Vitality, Plaintiff's claims for violation of New York General Business Law and "the Consumer Fraud Laws of the Various States" (Counts VI, VII, and VIII) violate the prior substantiation doctrine and should be dismissed. The theme and thrust of Plaintiff's Complaint is that Ageless Male's advertising claims are "unsubstantiated .... and [t]here is no competent and reliable scientific evidence to support any of these claims." (Compl. ¶ 2). Defendants New Vitality and Dr. Rosenstein would dispute this. As a matter of law, however, it is also well-established that an alleged lack of prior substantiation (*i.e.*, allegations that scientific evidence does not exist or is inadequate to substantiate a defendant's advertising claims) cannot found a plaintiff's claim for violation of state consumer fraud statutes. *See Franulovic v. Coca Cola Co.*, 390 Fed. App'x 125, 128 (3d Cir. 2010) ("A New Jersey Consumer Fraud Act claim cannot be premised on a prior substantiation theory of liability"); *Scheuerman v. Nestle Healthcare Nutrition, Inc.*, 2012 WL 2916827 (D.N.J. July 17, 2012) ("the case law is clear . . . that prior substantiation claims are not cognizable under the NJCFA, UCL, FAL, or CLRA"); *Fraker v. Bayer Corp.*, 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ("If Plaintiff is going to maintain an action against Defendant for false or misleading advertising, then Plaintiff will be required to adduce evidence sufficient to present to a jury to show that Defendant's advertising claims with respect to Product are actually false; not simply that they are not backed up by scientific evidence").

      Accordingly, Defendants New Vitality and Dr. Jacob Rosenstein request that this Court schedule a pre-motion conference in this matter, and we thank the Court for its consideration.

Respectfully submitted,

VENABLE LLP

Matthew T. McLaughlin

cc: Roger Collaizzi (via email)
Damon Wright (via email)
*Attorneys for Defendants*

Antonio Vozzolo, Esq. (via email)
Christopher Marlborough, Esq. (via email)
*Attorneys for Plaintiff*