# FARUQI & FARUQI, LLP

ATTORNEYS AT LAW

369 LEXINGTON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10017-6531
(212) 983-9330

TELECOPIER: (212) 983-9331
WEBSITE: www.faruqilaw.com

August 24, 2012

**VIA ECF & E-MAIL**
The Honorable Leonard D. Wexler
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

RE: *Jessie Brackett v. Dr. Jacob Rosenstein and NAC Marketing Co., LLC d/b/a New Vitality*, 2:12-cv-2775 (LDW) (WDW) (E.D.N.Y)

Dear Judge Wexler:

We represent plaintiff Jessie Brackett ("Plaintiff") in the above referenced matter. Plaintiff submits this letter in accordance with Rule 2.B. of Your Honor's Individual Practices in response to defendants Dr. Jacob Rosenstein ("Rosenstein") and NAC Marketing Company, LLC d/b/a New Vitality's ("New Vitality" and together with Rosenstein, "Defendants") request for a pre-motion conference concerning their anticipated motions to dismiss. Specifically, Rosenstein seeks to dismiss all claims against him pursuant to Rules 12(b)(2) and (6), and New Vitality seeks to dismiss only select claims against it pursuant to Rule 12(b)(6). As detailed below, Defendants' anticipated motions to dismiss are futile. We are available to participate in a pre-motion conference regarding this matter at the Court's convenience.

This case is a putative class action against New Vitality and Rosenstein arising out of the sale of the "Ageless Male" testosterone boosting supplement. Defendants claim that Ageless Male is a "one of a kind" *natural* testosterone-boosting supplement "clinically proven" to dramatically increase testosterone levels in men by upwards of 50%. *Id.* ¶ 1. However, Plaintiff alleges that Defendants' representations are false, misleading, and unsubstantiated because Ageless Male does not significantly boost testosterone levels in men. *Id.* ¶ 2. Rosenstein is a board certified neurosurgeon, who contracted with New Vitality, a New York corporation to serve as a spokesperson and endorser for Ageless Male. He personally made many of the false and misleading representations alleged in the Complaint that were made and disseminated by New Vitality. *Id.* ¶ 7. For example, Rosenstein attributes his buff physique to his use of Ageless Male, but at the same time credits his buff body to his participation in Cenegenics, a group of Age Management medical centers that use hormone replacement therapy and other *unnatural* treatments to fight aging. Rosenstein even uses the exact same personal "before and after" photographs in his promotion of both Ageless Male and Cenegenics.

Defendants first argue that all claims against Rosenstein must be dismissed for lack of personal jurisdiction. This is incorrect. The exercise of jurisdiction over Rosenstein is proper under New York's long-arm statute and satisfies due process requirements. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Court has specific and general jurisdiction over Rosenstein. He has committed tortious acts within New York in connection with his promotion

of Ageless Male. He made false and misleading statements that were directed at New York consumers as part of a deceptive advertising and marketing campaign. He has been actively involved in the advertisements that were broadcast and distributed throughout New York and are at the heart of this litigation. His name, image, and endorsement are central to the marketing of Ageless Male – Defendant Rosenstein has even claimed to have discovered Ageless Male. These statements were repeatedly disseminated from New Vitality's New York headquarters and directed at New York consumers. Second, Rosenstein injured consumers in New York through his deceptive solicitations to buy Ageless Male. Third, Defendant Rosenstein knew and expected that the marketing materials and advertisements for Ageless Male would be disseminated to New York and that consumers in New York would suffer harm. Moreover, Rosenstein's substantial New York activities in connection with both Cenegenics (including the Cenegenics medical center located in Manhattan) and Ageless Male give rise to general jurisdiction. Additionally, it is anticipated that jurisdictional discovery will uncover further activities targeting New York.

Defendants next argue that Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claim must be dismissed. First, they claim that 100 named plaintiffs are required to bring an action under MMWA. However, the 100 named plaintiff requirement is merely a jurisdictional limitation, which is wholly irrelevant when a claim is brought under the Class Action Fairness Act ("CAFA") like it is here. *See, e.g., Rossi v. The Procter & Gamble Co.*, Case No. 2:11-cv-07238-JLL-MAH, Opinion Denying Motion To Dismiss, at 4 (D.N.J. July 10, 2012) (holding that even though plaintiff failed to name 100 plaintiffs, CAFA provides an alternate basis of jurisdiction for Plaintiff's MMWA claim). Second, Defendants argue that Plaintiff cannot establish the $50,000 damages threshold. However, that threshold is an aggregated figure that must meet "the sum or value of $50,000 (exclusive of interests and costs) *computed on the basis of all claims to be determined in this suit.*" 15 U.S.C. § 2310(d)(3)(B). Here, Plaintiff's Complaint properly alleges that "the aggregate amount in controversy exceeds $5,000,000," which easily satisfies the threshold requirement. Compl. ¶ 10. Finally, Defendants claim that Plaintiff fails to allege that either Defendant made an express, written warranty as defined by the MMWA. However, Plaintiff clearly alleges that Defendants created a written warranty by promising that Ageless Male will "increase testosterone by 61%," will improve "Healthy Sex Drive," will increase "Energy Production," will contribute to a "Positive Mood," and will build "Lean Muscle." *Id.* ¶¶ 29, 42; *see also id.* ¶ 93 ("Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that Ageless Male is 'clinically' proven to dramatically boost testosterone . . . Moreover, Defendants claimed that use of Ageless Male would not only boo[s]t testosterone, but would in turn prevent such maladies as andropause and its symptoms, including low sex drive, mood changes, decreased energy, irritability, loss of muscle mass, and loss of focus or concentration.").

Next, Defendants argue that all other claims against Rosenstein fail because Plaintiff "generally refers to 'Defendants' without specific reference to Dr. Rosenstein and thus relies on improper 'group pleading.'" This is wrong. The one case Defendants rely on in support of their "group pleadings" argument is factually distinguishable from the case at bar. In *Holmes v. Allstate Corp.*, 2012 U.S. Dist. LEXIS 24883 (S.D.N.Y. Jan. 27, 2012) the court determined that plaintiffs' group pleading failed to satisfy pleading requirements, but only because "Plaintiffs or their counsel may have simply conducted an online search for companies of which one of the defendants was an officer . . . then named those companies as additional defendants without any

knowledge or information as to what role, if any, each of them may have played in the transactions alleged." *Holmes* at *78. Here, Plaintiff properly alleged that each Defendant acted in concert with, with the knowledge and approval of and/or as the agent of the other Defendant. Compl. ¶ 8. Additionally, Defendants ignore the plain language of the Complaint, which makes numerous specific references to Rosenstein. *See id.* ¶ 39 ("[m]any of the advertisements feature Defendant Rosenstein, who refers to Ageless Male as 'a game changer' for men"); *id.* ("advertisements also state that Rosenstein has seen the results of Ageless Male firsthand and he cut his body fat in half.").

Finally, Defendants argue that Plaintiff's claims for violation of New York General Business Law and the Consumer Fraud Laws of the Various States violate the prior substantiation doctrine and should be dismissed. This is wrong. Once again, Defendants ignore the plain language of the Complaint, which alleges that Defendants' representations are false, misleading, unfair, and deceptive, *not* merely unsubstantiated. Compl. ¶ 2 ("Defendants' representations are *false, misleading*, and unsubstantiated.") (emphasis added); *see also id.* ¶ 43 ("Each of these [advertising] claims is unsubstantiated, *false and misleading*") (emphasis added); *id.* ¶ 44 ("All of Defendants' false and/or misleading claims challenged herein relate to matters that were material…."). Additionally, Plaintiff's Complaint clearly goes beyond mere allegations that Defendants' representations are unsubstantiated. For example, Plaintiff's Complaint explains that Defendants recently switched the formulation of Ageless Male from saw palmetto to fenugreek seed extract, which Defendants themselves criticized as not particularly effective in their older advertisements. *See id.* ¶¶ 32-33 ("Now that Ageless Male contains the exact same ingredient that they previously criticized, Defendants laud the testosterone boosting power of fenugreek…). Additionally, Plaintiff's Complaint alleges that Defendant Rosenstein, as the agent and spokesperson of Defendant NAC, represented that "his body transformation was the result of Ageless Male," even after the formula was changed to fenugreek. *Id.* ¶ 60. Furthermore, Plaintiff's Complaint identifies Defendant Rosenstein's other endorsements, where he inconsistently explains his body transformation was actually due to the Cenegenics Medical Institute or the Southwest Age Intervention Institute. *Id.* ¶¶ 61-68. These allegations sound in fraud, misrepresentation, trickery, and deception. Tellingly, Defendants do not offer a single case holding that the "prior substantiation doctrine" applies where a plaintiff alleges that a defendant has engaged in false, misleading, unfair, or deceptive conduct. The cases Defendants cite are readily distinguishable because they sound in mere unsubstantiation.

For the foregoing reasons, Defendants' anticipated motions to dismiss are futile. We appreciate Your Honor's consideration, and we are available to participate in a conference regarding these matters at the Court's convenience.

Respectfully submitted,

Christopher Marlborough

cc:  Matthew T. McLaughlin, Esq. (via email)
     Sumit Som, Esq. (via email)